**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARY BUCKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CV-616-CVE-FHM |
| ) | |
| UNITED AMERICAN INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes before the Court pursuant to the Notice of Removal (Dkt. # 2) filed by defendant United American Insurance Company ("United"). Plaintiff originally brought this action in the District Court of Tulsa County. Plaintiff's complaint seeks recovery under a health insurance policy with United and damages for United's breach of the insurance contract, breach of the duty of good faith and fair dealing, and intentional infliction of emotional distress. Dkt. # 2-2, at 3. In the complaint, plaintiff seeks actual damages in excess of $10,000 and punitive damages in excess of $10,000.[1]

United removed this action on the basis of diversity jurisdiction. United contends that the federal jurisdictional amount in controversy is met because, under 28 U.S.C. § 1332(a), "plaintiff's claim for punitive damages must be considered in determining whether the jurisdictional amount

---

[1] In Oklahoma, the general rules of pleading require that:

> [e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

OKLA. STAT. tit. 12, § 2008(2).

required is satisfied."[2]  Dkt. # 2, at 3.  In this case, because a jury may award up to $500,000 in punitive damages for Category II, "intentional and malicious" action, see OKLA. STAT. tit. 23, § 9.1(C), defendant asserts that the amount in controversy exceeds $75,000.  Dkt. # 2, at 2-3.

Section 1447 requires that a case be remanded to state court if at any time before final judgment it appears the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  Initially, the Court notes that federal courts are courts of limited jurisdiction.  With respect to diversity jurisdiction, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001) (internal quotation marks and citation omitted).

In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a).  The Tenth Circuit has clarified the analysis that a district court should undertake in determining whether an amount in controversy is greater than $75,000:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.  The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'  Moreover, there is a presumption against removal jurisdiction.

---

[2]  Defendant states that plaintiff "makes allegations to support claims for breach of duty of good faith and fair dealing, and intentional infliction of emotional distress, and requests actual damages in an unspecified amount greater than $10,000.  Plaintiff also requests punitive damages in an unspecified amount greater than $10,000." Dkt. # 2, at 2.

Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citations omitted) (emphasis in original); e.g., Hughes v. E-Z Serve Petroleum Marketing Co., 932 F. Supp. 266 (N.D. Okla. 1996) (applying Laughlin and remanding case); Barber v. Albertson's, Inc., 935 F. Supp. 1188 (N.D. Okla. 1996) (same); Martin v. Mo. Pac. R.R. Co. d/b/a Union Pac. R.R. Co., 932 F. Supp. 264 (N.D. Okla. 1996) (same); Herber v. Wal-Mart Stores, 886 F. Supp. 19, 20 (D. Wyo. 1995) (same); Homolka v. Hartford Ins. Group, Individually and d/b/a Hartford Underwriters Ins. Co., 953 F. Supp. 350 (N.D. Okla. 1995) (same); Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995) (same); Maxon v. Texaco Ref. & Marketing Inc., 905 F. Supp. 976 (N.D. Okla. 1995) (same). Further, "both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." Laughlin, 50 F.3d at 873; see also Associacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (Anpac) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993) (finding the defendant's conclusory statement that "the matter in controversy exceeds [$75,000] exclusive of interest and costs" did not establish that removal jurisdiction was proper); Gaus v. Miles, Inc, 980 F.2d 564 (9th Cir. 1992) (holding that mere recitation that the amount in controversy exceeds $75,000 is not sufficient to establish removal jurisdiction).

The removing defendant bears the burden of establishing federal jurisdiction at the time of removal and not by supplemental submission. Laughlin, 50 F.3d at 873; see Herber, 866 F. Supp. at 20 (holding that the jurisdictional allegation is determined as of the time of the filing of the notice of removal). Where the face of the complaint does not affirmatively establish the requisite amount in controversy, Laughlin requires a removing defendant to set forth, in the removal notice, not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also facts

3

underlying the defendant's assertion.[3]  50 F.3d at 873; see Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351, 353 (N.D. Okla. 1995) ("[A] removing defendant must set forth specific facts which form the basis of its belief that there is more than [the jurisdictional minimum] at issue in the case."). When a "plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence." Martin, 251 F.3d at 1290.

In this case, defendant merely asserts that because plaintiff has a claim for punitive damages, which may give rise to a punitive award of <u>up to</u> $500,000, the amount in controversy exceeds $75,000.  See Dkt. # 2, at 2-3.  Yet this argument overlooks defendant's burden of establishing federal jurisdiction by a preponderance of the evidence. Laughlin requires a factual analysis to meet this burden.  When, as here, plaintiff's damages are admittedly unspecified, defendant must do more than broadly reference the causes of action within plaintiff's complaint. See id. at 2.  Defendant provides no objective evidence, or factual or economic analysis, to show that the amount in controversy actually exceeds $75,000.

Based upon its review of the record, the Court concludes that defendant has not met its burden as defined by Laughlin and its progeny.  The Court is without subject matter jurisdiction, therefore, and lacks the power to hear this matter.  As a result, the Court must remand the instant action to the District Court of Tulsa County.

**IT IS THEREFORE ORDERED** that this matter is remanded without prejudice to the

---

[3]  In Laughlin, the defendant's notice of removal did not refer to an amount in controversy but instead referred to the removal statute and attached the petition as an exhibit. 50 F.3d at 873.

District Court of Tulsa County for all further proceedings.

**DATED** this 29th day of October, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT